UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>HUBERT ROTTEVEEL,<br><br>        Defendant. | CR. NO. 2:11-447 WBS<br><br>MEMORANDUM & ORDER RE: MOTION TO DISMISS |

----oo0oo----

Defendant Hubert Rotteveel is charged with two counts of mail fraud in violation of 18 U.S.C. § 1341 in connection with an alleged mortgage fraud scheme. Before the court is defendant's motion to dismiss the Indictment on the ground of selective prosecution or, alternatively, government misconduct.

"'[T]he presumption of regularity supports' [] prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting United States v. Chem. Found., Inc., 272

1

U.S. 1, 14-15 (1926)).  Generally, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).  The Equal Protection Clause, however, prohibits the government from making a decision to prosecute "based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'"  Armstrong, 517 U.S. at 464 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)).  To seek dismissal based on selective prosecution, a defendant must 1) "demonstrate that others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted" and 2) "show that his selection was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech."  United States v. Scott, 521 F.2d 1188, 1195 (9th Cir. 1975).

    Even after the court granted defense counsel's request for the opportunity to submit supplemental briefs, defendant fails to make either showing.  Defendant apparently bases his selective prosecution defense on a theory that other individuals, including a police officer, were involved in the alleged mortgage fraud scheme and are equally or more culpable as defendant, but were not prosecuted because they were not incarcerated like defendant.  Not only does defendant make an inadequate showing that these individuals were similarly situated to him, he fails to show that he was prosecuted based on an impermissible ground or provide any authority suggesting that the Constitution

2

precludes the government from making a prosecutorial decision based in part on an individual's incarcerated status.

More fundamentally, defendant's motion asks the court to engage in an inquiry that the court is unqualified to undertake.  For example, "[s]uch factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."  Wayte v. United States, 470 U.S. 598, 607 (1985).  The nature of the hearing defendant seeks would not only require the court to hold a mini-trial on the relative guilt of other potential co-defendants, but would fly in the face of the separation of powers..

Every decision about whether to prosecute is inherently selective.  "The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. . . . because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take Care that the Laws be faithfully executed."  Armstrong, 517 U.S. at 464 (internal quotation marks omitted).  To question the mindset of the prosecutor in this case, it would step far beyond the legitimate role of the court.  See id. at 465 ("Judicial deference to the decisions of these executive officers . . . also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function."); United States v. Miller, 722 F.2d 562, 565 (9th Cir. 1983) ("[S]eparation of powers requires that the judiciary remain

independent of executive affairs.  Charging decisions are generally within the prosecutor's exclusive domain." (internal citation omitted)).

Accordingly, because defendant has failed to make the necessary showing to even raise a selective prosecution argument, the court must deny his motion to dismiss on that ground.

Defendant alternatively seeks dismissal on the ground of government misconduct.  "The dismissal of an indictment because of outrageous government conduct may be predicated on alternative grounds: a violation of due process or the court's supervisory powers."  United States v. Restrepo, 930 F.2d 705, 712 (9th Cir. 1991).  "[T]he defense applies only to conduct which 'is so grossly shocking and so outrageous as to violate the universal sense of justice.'"  Id. (quoting United States v. O'Connor, 737 F.2d 814, 817 (9th Cir. 1984)).  Here, defendant has not come close to showing that the government's decision to prosecute him was even remotely improper, let alone grossly shocking or outrageous.  The motion on that ground is about as frivolous as any the court has seen.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED.

Dated:   January 13, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4