UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:11-447 WBS |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTIONS FOR AQUITTAL AND TO DISMISS |
| v. | |
| HUBERT ROTTEVEEL, | |
| Defendant. | |

----oo0oo----

I.  Motion for Judgment of Acquittal

The Court denied defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a) on Count Two without prejudice. (May 15, 2014 Tr. at 3:18-22 (Docket No. 139).) Pursuant to Rule 29(c)(a), defendant had to renew his motion for judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Although the court discharged the jury on May 20, 2014, (Docket No. 101), defendant did not renew his Rule 29 motion until eighty-six days later, on

1

August 15, 2014, (Docket No. 125). As Rule 45(b) provides, the "court on its own may extend the time" for defendant to have filed his Rule 29 motion if defendant failed to act because of "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).[1]

Defense counsel's only explanation for the untimeliness of his renewed motion is that he was waiting to receive the transcript. Defendant could have sought an extension under Rule 45(b)(1)(A) or filed a timely motion and requested an extension of time to submit additional briefing once the transcript was completed. Moreover, defendant made no showing that he needed a transcript to file his motion and, as defense counsel was present for the entire trial, he could have relied on his own memory. Sitting on one's hands while waiting for a transcript is not excusable neglect.

Nonetheless, even if defendant's motion was timely, he is not entitled to a judgment of acquittal on Count Two. Rule 29(a) provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) (quoting United States v. Stoddard, 150 F.3d 1140, 1144 (9th Cir. 1998)). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational

---

[1] Until 2005, Rule 45 foreclosed a court from granting an extension of time to file a Rule 29 motion. See Fed. R. Crim. P. 45 (Advisory Comm. Notes); Carlisle v. United States, 517 U.S. 416, 420 (1996).

2

trier of fact to find the essential elements of the crime beyond a reasonable doubt." Id. (quoting Stoddard, 150 F.3d at 1144). "In ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" United States v. Rojas, 554 F.2d 938, 943 (9th Cir. 1977) (quoting United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969)).

One of the misrepresentations in the loan application for the McCarthy Court property was the alleged overstatement of the rent proceeds Manuel Romero received from the Valley Glen property.[2] With the exception of the Nantucket property, (May 7, 2014 Tr. at 32:3-17 (Docket No. 109)), Romero testified at trial that he did not know the amount of the rent proceeds he received on the properties he owned and that defendant collected the rents for those properties. (Id. at 24:17-21, 27:2-4; see also id. at 33:19-20:2 (limited to the Austin property).) Romero also testified that he did not provide Nolan Solano with any receipts for rents at the properties defendant managed. (May 14, 2014 Tr. at 26:21-27:1 (Docket No. 113).)

When asked how he obtained the rent proceeds identified on Romero's loan applications, Solano stated, "Well, I would normally ask the borrower if he knew how much each property was getting rents for. If he didn't know--I think in this case [Romero] had a number of properties managed by Mr. Rotteveel's

---

[2] Although the McCarthy Court property loan application identified rental income for other properties, the government did not put forth evidence showing whether the rental income for those properties was overstated.

3

property management, I would ask Mr. Rotteveel for information on those."  (Id. at 131:18-132:4.)

When viewed in the light most favorable to the government, a rational trier of fact could find that, for the McCarthy Court loan application, Solano obtained the rent proceeds Romero received for the Valley Glen property from defendant.  Furthermore, the loan application for McCarthy Court states that Romero received rent in the amount of $2,250.00 per month for Valley Glen, (Gov't's Ex. 13-A-1 at 6), which contradicts Monica McGuire's testimony that rental checks deposited with defendant's company for the Valley Glen property ranged from only $645 to $760 per month, (May 14, 2014 Tr. at 31:9-15).  McGuire recognized that there were some rental checks deposited with defendant's company that did not sufficiently identify the rental property.  (Id. at 47:3-17.)  In light of the fact that certain checks identified Valley Glen as the rental property, the jury was not required to speculate that defendant collected a second check each month for Valley Glen for approximately $1,500.  Taken in the light most favorable to the government, a rational jury could thus find that the rental amount defendant identified for Valley Glen was false.

Although aspects of the purchase of the McCarthy Court property may have varied from other transactions and defendant received a standard commission for the sale, that evidence would not preclude a rational trier of fact from concluding that defendant knowingly participated in a scheme to obtain a purchase mortgage by intentionally misrepresenting material information to the lender.  While the government may not have put forth the

4

1 strongest case on Count Two, it was sufficient for the jury's
2 consideration under the lenient standard governing Rule 29
3 motions.  Accordingly, because the government presented
4 sufficient evidence at trial to sustain a conviction on Count
5 Two, the court will deny defendant's Rule 29(c) motion on that
6 count.

II. Motion to Dismiss

Defendant moves to dismiss the Indictment under Rule 12(b)(3) on the ground that he suffered prejudice as a result of the government's preindictment delay. Law enforcement initially interviewed defendant approximately thirteen months before the government filed the Indictment on October 31, 2011. Several of the anticipated exhibits at trial include appraisals created in conjunction with the purchase of properties that were part of the alleged scheme to defraud lenders.[3] All of the appraisals were drafted by Phyllis E. Rhinehart, who died less than one month before the Indictment was filed in this case. As a threshold matter, given that Rhinehart died only two weeks before the government filed the Indictment, any suggestion that the case would have proceeded to trial before her death if the government had indicted defendant sooner relies on an impractical and unrealistic understanding of the criminal practice in this court.

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay." United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir.

---

[3] To the extent defendant challenges the admissibility or relevance of the appraisals, any such objections will be resolved at trial.

1989). To merit dismissal based on preindictment delay, a defendant must prove (1) he "suffered actual, non-speculative prejudice from the delay," and (2) "that the delay, when balanced against the prosecution's reasons for it, offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" Id. (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977)). "'The defendant has a heavy burden to prove that a preindictment delay caused actual prejudice: the proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case.'" Sherlock, 962 F.2d at 1354 (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir. 1985)).

Here, defendant contends he suffered prejudice as a result of Rhinehart's passing because "every witness who worked with [him] . . . denied that they acted with criminal intent" and thus "[i]t is not a stretch to assume that [Rhinehart] would say the same thing." (Def.'s Reply at 3:1-5.) Not only would Rhinehart's denial of acting with a "criminal intent" lack significant probative value as to defendant's guilt or innocence, the purported prejudice from her passing is based on pure conjecture. The Ninth Circuit has repeatedly rejected "generalized speculation as to what lost or deceased witnesses would have said," pointing out that the defendant usually must offer "affidavits []or any non-speculative proof as to how he was prejudiced by the loss of his witnesses." United States v. Corona-Verbera, 509 F.3d 1105, 1113 (9th Cir. 2007); see also United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995)

1  ("Generalized assertions of the loss of memory, witnesses, or
2  evidence are insufficient to establish actual prejudice.").
3        Accordingly, because defendant has failed to show that
4  he suffered actual, non-speculative prejudice as a result of any
5  preindictment delay, the court must deny his motion to dismiss
6  the Indictment.
7        IT IS THEREFORE ORDERED that defendant's Rule 29(c)
8  motion for judgment of acquittal be, and the same hereby is,
9  DENIED; and defendant's Rule 12(b)(3) motion to dismiss the
10 Indictment be, and the same hereby is, DENIED.
11 Dated: August 26, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE