UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUBERT ROTTEVEEL,<br><br>Defendant. | No.  2:11-cr-0447 WBS DB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On September 20, 2016, defendant filed a motion for bail pending appeal.  (ECF No. 300.)  On October 14, 2016, the assigned District Judge referred to the duty magistrate judge for findings and recommendations as to whether there are any conditions or combinations of conditions that will reasonably assure the appearance of the defendant as required and whether there are any conditions or combinations of conditions that will reasonably assure the safety of other persons in the community if the defendant were released.  (ECF Nos. 304 & 306.)

On December 16, 2016, defendant noticed the matter for hearing before the undersigned.  (ECF No. 307.)  Plaintiff filed an opposition on December 21, 2016.  (ECF No. 308.)  Defendant filed a reply on December 21, 2016.  (ECF No. 310.)  Plaintiff filed a further opposition on December 21, 2016.  (ECF No. 312.)

On December 23, 2016, matter came before the undersigned.  Attorney Jean Hobler appeared on behalf of the government.  Attorney Mark Reichel appeared on behalf of the

1

defendant. Oral argument was heard and the matter was taken under submission. Having considered the parties' briefing and the arguments made at the December 23, 2016 hearing, the undersigned finds as follows.

18 U.S.C. § 3143(b)(1) provides, in relevant part and subject to exceptions not relevant here, that following conviction and sentencing a defendant "who has filed an appeal or petition for a writ of certiorari" must "be detained, unless the judicial officer finds" that clear and convincing evidence established the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Through this statute Congress created a presumption of detention and shifted the burden of proof to the defendant to show otherwise. See United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). In this regard, the defendant "bears the burden of showing that []he is not a flight risk or a danger to any other person or to the community." U.S. v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986).

Here, defendant argues that he cannot be considered likely to flee or pose a danger. (ECF No. 307 at 3.) Moreover, in support of his release, defendant offered in his reply, and at the December 23, 2016 hearing, that if released on bail pending appeal he would reside with his parents, that his parents would sign a bond in any amount requested, he would be subject to ankle monitoring, and house arrest. (ECF No. 310 at 2.)

Defendant, however, committed mortgage fraud, in violation of 18 U.S.C. § 1341, in June of 2006. (ECF No. 272.) In this regard, defendant, a licensed real estate agent, fraudulently overvalued properties, took advantage of his clients, some of whom did not understand English, and diverted money for his own profit. (Id. at 4.) On June 30, 2010, defendant committed two separate bank robberies at gunpoint. (ECF No. 198 at 7; ECF No. 312-7 at 7-9.) On July 1, 2010, defendant committed a third bank robbery also using a gun. (ECF No. 198 at 8; ECF No. 312-7 at 7-9.) On October 29, 2010, defendant was sentenced to state prison for a term of four years and eight months as a result of the three bank robberies. (ECF No. 312-7 at 8.) On October 20, 2015, defendant was sentenced to imprisonment of 40 months for his mortgage fraud in this action. (ECF No. 273.)

////

In this regard, given defendant's multiple prior convictions, and the facts underlying those prior convictions, the undersigned finds that defendant has failed to carry his burden of showing that he is not a danger to any other person or the community.[1]  Accordingly, there are no conditions or combinations of conditions that will reasonably assure the appearance of the defendant as required or reasonably assure the safety of other persons in the community if he is released on bail pending appeal.  See United States v. Lindsey, 654 Fed. Appx. 369, 373 (9th Cir. 2016) (finding that mortgage fraud showed defendant was "a danger to individuals and the community"); U.S. v. Reynolds, 956 F.2d 192, 192 (9th Cir. 1992) ("danger may, at least in some cases, encompass pecuniary or economic harm"); U.S. v. Provenzano, 605 F.2d 85, 95 (3rd Cir. 1979) ("a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the Act"); U.S. v. Long, 422 F.2d 712, 714 (D.C. Cir. 1970) ("[e]vidence of danger in prior convictions, of course, can be considered on bail pending appeal"); U.S. v. Santiago-Mendez, 599 F.Supp.2d 95, 105 (D. Puerto Rico 2009) ("The court is particularly conscious that the fact that a person has been found guilty, beyond a reasonable doubt, to have committed a criminal act certainly indicates dangerousness."); U.S. v. Moss, 522 F. Supp. 1033, 1035 (D.C. Pa. 1981) ("It is generally agreed, of course, that a Court may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical.").

Accordingly, IT IS HEREBY RECOMMENDED that defendant's December 16, 2016 motion for bail pending appeal (ECF No. 307) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

---

[1] Because defendant has failed to carry his burden as to the issue of danger, the undersigned need not address the issue of the risk of defendant's flight.  See generally U.S. v. Nicolo, 706 F.Supp.2d 330, 337 (W.D. N.Y. 2010) ("A defendant's failure to establish any one of those elements is adequate ground for denying a motion under § 3143(b).").

Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 23, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.criminal\rotteveel0447.oah.122216